[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This foreclosure action was commenced in November, 1990 by the plaintiff Westinghouse Credit Corporation (Westinghouse) seeking to foreclose a second mortgage on an office building in Stamford given by defendant Bedford Equities 1988 Limited Partnership (Bedford). Defendants Charter Federal Savings and Loan Association (CFSLA), Resolution Trust Corporation (RTC), as receiver of CFSLA, Charter Federal Savings Association (CFSA), and RTC as the latter's conservator hold the third mortgage on the property. The RTC filed its appearance in December, 1990.
According to the file CFSA was placed in receivership on June 21, 1991 and RTC was removed as its conservator and appointed receiver. On July 3, 1991 RTC in its capacity as receiver for CFSA requested a 90-day stay pursuant to Section 212(d)(12) of the Financial Institutions Reform Recovery and Enforcement Act of 1989 (FIRREA) RTC argues that it is entitled to a mandatory stay under FIRREA, and that such a stay is needed in order to give it adequate time to proceed with this litigation.
The plaintiffs object to RTC's request for a stay, arguing that the character of its foreclosure action has not been changed by the replacement of RTC from its original capacity as conservator to its new role as receiver of CFSA, and also that RTC has had ample time to prepare itself for this limitation. The plaintiff also argues that because the appraised value of the property is less than the sum of the first and second mortgages Bedford and RTC will realize nothing from the foreclosure action in any event.
The plaintiff Westinghouse also argues that the CT Page 6782 purpose of the order replacing RTC as conservator with RTC as receiver was to liquidate CFSA, that its third mortgage is worthless and that further delay is not warranted.
Section 212(d)(12) of FIRREA,12 U.S.C. § 1821(d)(12), provides that after the appointment of a conservator or receiver for an injured depository institution a conservator or receiver may request a stay not to exceed 45 days in the case of a conservator or 90 days in the case of a receiver. Section B further provides that, "[u]pon receipt of a request by any conservator or receiver pursuant to subparagraph (A) for stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties."
Although the case law on this section is sparse, it appears that there is a split of authority on the issue of whether such a stay is mandatory. Three federal district courts have held that the stay is not mandatory where the circumstances of the case were found to be inappropriate for the application of the statute. On the other hand, one federal district court held that the language of the statute requires that a stay be granted if requested.
In Federal Deposit Insurance Corp. v. Taylor,727 F. Sup. 326 (S.D.Tex. 1989), the plaintiff bank sued the defendant in state court to recover on certain promissory notes. The defendant counterclaimed under common law tort and contract theories, and the Texas Deceptive Trade Practices Act. Judgment was rendered for the defendant after trial, and approximately a month thereafter the FDIC was appointed receiver of the plaintiff bank, intervened in the post-trial proceedings and removed the case to federal court. Some six months later the FDIC moved for a stay pursuant to FIRREA. The court denied the motion finding that the FDIC was not entitled to a stay where it had been a party for six months and did not need the "breathing room" that the statute was intended to provide Id., 327-28. The Court stated: "[t]he statute was not enacted to give FDIC the power to stay proceeding to which it is a party at any point, regardless of the length of its involvement." Id., 328.
In Tuxedo Beach Club Corp. v. City Federal Savings Bank, 729 F. Sup. 1508 (N.J. 1990), the court reached a similar conclusion. The plaintiff developer sued the defendant bank for breach of contract, alleging that the CT Page 6783 bank failed to continue funding construction of a condominium project when the project was halfway completed. Two days after the lawsuit was instituted the Resolution Trust Corporation (RTC) was appointed receiver for the defendant bank and almost immediately applied for a stay and petitioned to remove the case to the federal court. The plaintiff maintained that the project would suffer imminent and irreparable harm from unnecessary delay because of its vulnerability to the weather due to its half-built condition. At the time the motion was before the court the RTC had been the receiver for two months, had met with the plaintiff to evaluate the factual and business situation, and had two months time to familiarize itself with the litigation, the only forthcoming event in which was a scheduling conference.
The court cited the legislative history of FIRREA in support of its ruling that a stay was not mandatory. "The legislative history of FIRREA indicates that this provision was enacted to give the FDIC receiver enough time to orient itself to the litigation. `the appointment of a conservator or receiver can often change the character of the litigation, the stay gives the FDIC a chance to analyze pending matters and decide how best to proceed.' (citation omitted)." Id., 1509.
The court found that the case was not an appropriate one in which to grant a stay because the plaintiff was subject to irreparable and imminent harm from delay, and also because the RTC had had sufficient time to familiarize itself with the situation. Further, since the scheduling conference was the only activity in the litigation, the court did not accept RTC's claim that it could not be prepared for that event. The court conducted a balancing test, and found the weight favored the plaintiff's position. "The legislature passes statutes to implement a general policy or resolve a general problem. Courts, however, interpret there statutes within particular contexts. Courts are to assume that Congress intended its legislation to have a reasonable effect. It would not serve the public interest to allow the waste that would result from an imposition of stay in this case." Id., 1510.
Both Taylor and Tuxedo Beach were followed in Hunter's Run v. Arapahoe County Public Trustee,741 F. Sup. 207 (Colo. 1990), where the plaintiff sued to enjoin the defendant bank from foreclosing on its property. A year and a half prior to the suit the defendant had been declared insolvent and the FSLIC had CT Page 6784 been appointed receiver. The FDIC succeeded the FSLIC as receiver and moved for a stay pursuant to12 U.S.C. § 1821(d)(12). The plaintiff argued that this was not the type of case the stay provision was intended to address and the court agreed, finding that if the stay was granted the plaintiff would suffer irreparable harm because its interest in the property would be foreclosed, and the stay was accordingly denied.
The court in Prince George Joint Venture v. Sunbelt Savings, 744 F. Sup. 133 (N.D.Tex. 1990), however, reached the opposite conclusion, and found the language of the statute to be mandatory based on its plain wording. According to the court, the statute did not say "a court `shall grant such stay except where the circumstances do not warrant it.' Rather, the statute quite clearly makes the granting of relief obligatory." Id., 135. The court went on to say that "Congress left to the conservator or receiver the discretion to decide when it needed breathing room. The court may not modify the exercise of that discretion. In the case of congressional intent, that is clearly to the contrary." Id. The court went on to add that even if it chose to follow Taylor and Tuxedo Beach, the stay would be granted because RTC had been acting as receiver for only four days when sued, had removed the case within ten days and moved for the stay two weeks later, had shown that it needed the relief provided by the stay and that imminent irreparable harm had not been established by the plaintiff.
After reviewing these cases it is our opinion that the statute is discretionary under certain circumstances, and that the requested stay should not be granted in this case where the defendant RTC has been an active litigant for over eight months, and does not need "breathing room" to determine what is going on in this litigation.
Therefore, the objection by the plaintiffs to the request for stay is sustained and the stay is denied.
William B. Lewis, Judge